UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| In Re: | ) | **Chapter 13** |
| | ) | **Case No. 13-51419** |
| **MATTHEW TILLER CURRIN,** | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |

## Memorandum of Law in Support of the Debtor's Objection to the Claim of Buck Horn Construction Company, Inc.

The relevant facts are not in dispute and were placed into evidence at the Hearing on June 4, 2014. A short summary of the pertinent facts are as follows: The Creditor and Debtor entered into a contract to construct a home. A dispute arose and the Debtor did not close on the purchase of the home. The Creditor sued the Debtor in State Court for Breach of Contract. The law suit was settled by the parties by entering into a Settlement Agreement and a concurrent Confession of Judgment, a copy of both have been entered into evidence. The Judgment provided that the Debtor would pay the Creditor the sum of $4,500.00 with an initial payment of $1,000.00 and then equal payments of $300.00 per month thereafter until paid in full. The Confession of Judgment also provided that if the Debtor defaulted in the monthly payments, then the Creditor may file the Confession of Judgment with the Superior Court and have the Court enter a judgment against him for $20,000.00 plus interest at the legal rate. The Debtor made some payments on the Settlement Agreement, but defaulted owing the creditor $2,400.00 balance on the amount due of $4,500.00. The Creditor did not file the Confession of Judgment with the State Court and a State Court judgment was never entered against the Debtor. The Debtor listed the Creditor as an unsecured creditor with the amount due of $2,400.00 under the Settlement Agreement.

**Issue:** Whether the Confession of Judgment entered into in order to settle the state court case, is controlling, when determining the debtor's objection of the claim amount filed by the Creditor in this case.

In resolving an Objection to a Claim the proponent of the claim, i.e., the Creditor, has the ultimate burden of proof in establishing the basis of the claim. Thus, it is up to the Creditor to establish by a preponderance of the evidence that it is entitled to the amount of the claim as filed. In re Donald James Frank, 322 B.R. 745 (MDNC 2005).

Confession of Judgments in state court proceedings in North Carolina are controlled by Rule 68.1 of the North Carolina Rules of Civil Procedure. (A copy of Rule 68.1 is attached to the Creditor's Memorandum of Additional Authority) However, the classification and the amount of a claim in a bankruptcy proceeding is controlled by the

Rule 3001, et. seq, of the U.S. Bankruptcy Rules.

In resolving the issue before the Court the Debtor would argue that two important principles should be applied in this case. The first principle is that in construing and applying a Confession of Judgment, Rule 68.1 is to be strictly construed to since the statute authorizing a Confession of Judgment is in derogation of common law. <u>Rivers v Rivers 223 S.E.2ne 568 (1976)</u>. Strictly construing a rule requires the Court to find that the proponent is clearly entitled to the relief sought and that there is no other alternative in resolving the issue before the court in favor of the responding party. In other words strictly construing a statute or rule requires the court to hold the proponent to a higher standard of review of its position. Under the strict scrutiny principle, the Creditor has failed to demonstrate that it is entitled to a claim for the amount it seeks.

The second argument against the Creditor's position is based on the plain meaning of Rule 68.1(e) of the Rules of Civil Procedure. Rule 68.1(e) states in part "…no judgment by confession shall be held to be *res judicata* as to any fact in any civil action except in an action on the judgment confessed". The case before the court in not an action on the judgment confessed. It is a claim and an objection to a claim in a bankruptcy proceeding. Thus, the Confession of Judgment is not *res judicata* as to the amount due the Creditor on its claim. The amount of the claim is to be established by the Creditor and the Creditor has the burden to prove its claim. The amount stated in the Confession of Judgment is not determinative or *res judicata* as to the amount of the claim. Since the Creditor has offered no evidence as to the amount of the claim except for the Confession of Judgment, the Creditor has not met its burden of proof and the Debtor's objection should be sustained.

## CONCLUSION

In light of the principle that Rule 68.1 must be strictly construed together with the fact Rule 68.1 is not *res judicata* as to any facts contained in the Confession of Judgment, the debtor respectfully urges the court to find that the creditor has failed to meet its burden of proof in establishing the amount of the claim and request the court to sustain the Debtor's Objection to the Creditor's Claim as filed.

Respectfully submitted, this, the 25th day of June, 2014.

**MEADOWS & ADERHOLD, P.A.**

/s/ John A. Meadows_____
By:    John A. Meadows, Esq

2596 Reynolda Road, Suite C
Winston-Salem, NC  27106
Telephone: (336) 723-3530
Attorney for Debtor
NC Bar No.: 13237

## CERTIFICATE OF SERVICE

The undersigned certifies that copy of the Debtor's **Memorandum of Law in Support of the Debtor's Objection to the Claim of Buck Horn Construction Company, Inc.** was served by
Electronic means and/or first class mail, postage prepaid, to the parties indicated below at their respective addresses:

William P. Miller, Esquire
Bankruptcy Administrator
Post Office Box 1828
Greensboro, NC  27402

Matthew L. Underwood, Esquire
Brock & Scott, PLLC
5121 Parkway Plaza Blvd., Ste. 300
Charlotte, NC  28217

Karen B. Malay, Esquire
Allman Spry Davis Leggett & Crumpler, P.A.
Post Office Drawer 5129
Winston-Salem, NC  27113-5129

Matthew Tiller Currin
6118 Old Field Way
Pfafftown, NC  27040

Kathryn L. Bringle, Esquire
Winston-Salem Chapter 13 Office
PO Box 2115
Winston-Salem, NC 27102-2115

This the 25th day of June, 2014.

**MEADOWS & ADERHOLD, P.A.**

/s/ John A. Meadows_____

                                        By:    John A. Meadows, Esq

2596 Reynolda Road, Suite C  
Winston-Salem, NC  27106  
Telephone: (336) 723-3530  
Attorney for Debtor  
NC Bar No.: 13237