

**SO ORDERED.**

**SIGNED this 9th day of July, 2014.**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON SALEM DIVISION

*Lena Mansori James*
_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| In re: ) | |
| ) | |
| Matthew Tiller Currin, ) | Case No. 13-51419 |
| ) | |
| Debtor. ) | |
| ) | |

### ORDER OVERRULING DEBTOR'S OBJECTION TO CLAIM

THIS MATTER came before the Court for hearing on June 4, 2014 in Winston Salem, North Carolina upon the Objection by Matthew Tiller Currin to Amended Claim Number 12 of Buck Horn Construction Company, Inc.  Appearing before the Court was John A. Meadows, on behalf of Matthew Tiller Currin; Karen B. Malay, on behalf of Buck Horn Construction Company, Inc.; Robert E. Price Jr., on behalf of the Office of the Bankruptcy Administrator; and Kathryn L. Bringle as the Chapter 13 Trustee.  After considering the objection, arguments of counsel, briefs, and evidence on record, this Court makes the following findings of fact and conclusions of law:

### FACTS

The relevant facts are not in dispute. On October 22, 2010, Buck Horn Construction Company, Inc. ("BHC")  filed a complaint against Matthew Tiller Currin (the "Debtor") in the District Court of Forsyth County, North Carolina (10 CVD 7736) (the "Litigation").  The complaint alleged that the Debtor breached a written construction contract dated August 30, 2009 in which BHC agreed to construct a single-family house for the Debtor at the stated price of $520,000.00.  A dispute arose between the parties after the construction was completed, and BHC initiated the Litigation.

The parties resolved the Litigation pursuant to the terms and provisions of an Affidavit on Confession of Judgment dated August 28, 2012 (the "Confession of Judgment"), and Settlement Agreement dated August 31, 2012 (the "Settlement Agreement").  As a condition of, and prior to executing the Settlement Agreement, the Debtor was required to execute and deliver to BHC the Confession of Judgment, which was then incorporated by reference into the Settlement Agreement. (Settlement Agreement ¶ 5.) The Confession of Judgment, signed by the Debtor and notarized, states that the Debtor "acknowledges that he is indebted to Buck Horn Construction Company in the amount of $20,000.00 plus interest at the legal rate from October 1, 2010." (Confession of Judgment ¶ 2.)

The Settlement Agreement provides that the Debtor agrees to make monthly payments beginning in October 2012 to BHC totaling $4,500.00, and BHC agrees to hold and not record the Confession of Judgment so long as these payments, as set forth in the Settlement Agreement, are made.  Paragraph 8 of the Settlement Agreement provides that upon the occurrence of an event of default, BHC "may cause the Affidavit on Confession of Judgment signed by [the Debtor] to be recorded in the office of the Clerk of Superior Court of Forsyth County, North Carolina. [BHC] may thereafter exercise any and all legal and equitable rights with respect to the *enforcement* of the [Debtor's] obligations due thereunder" (emphasis added). The Settlement Agreement further provides that BHC releases the Debtor of the liabilities arising from or concerning the Litigation "[e]xcluding the obligations of the [Debtor] under this Settlement Agreement and the Affidavit on Confession of Judgment attached hereto." (Settlement Agreement ¶ 9.)

Prior to the Debtor's Chapter 13 petition filing, the Debtor made four payments to BHC as follows: (1) $1,000.00 on October 8, 2012; (2) $300.00 on November 29, 2012; (3) $400.00

on April 2, 2013; and (4) $400.00 on May 28, 2013. Notwithstanding the Debtor's default under the Settlement Agreement, BHC failed to record the Confession of Judgment prior to the Debtor's bankruptcy filing.

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on November 15, 2013 (the "Petition Date"). BHC was not listed as a creditor on any of the Debtor's schedules. On March 14, 2014, BHC filed a Proof of Claim asserting an unsecured, nonpriority claim for breach of the Settlement Agreement in the amount of $17,900.00 (the difference between the $20,000.00 from the unrecorded Confession of Judgment and the $2,100.00 the Debtor had paid), which BHC subsequently amended to include prepetition interest for a total amount of $22,892.72 (collectively referred to as the "Claim").

On March 31, 2014, the Debtor filed an Objection to the Claim asserting that pursuant to the Settlement Agreement, the parties had settled the matter for $4,500.00, of which the Debtor had paid the Creditor $2,100.00. Accordingly, the Debtor asserted that the balance of the Claim was $2,400.00.

The Debtor does not dispute that he signed both the Settlement Agreement and the Confession of Judgment, that he understood the terms of each document, and that he has received credit for any and all payments he remitted to BHC. The Debtor admits that he defaulted under the terms of the Settlement Agreement. The Debtor has not raised any affirmative defenses in response to BHC's claim for breach of the Settlement Agreement. The parties agree that the sole issue in dispute is the effect of the signed, notarized, and yet unrecorded, Confession of Judgment as it relates to the Claim.

## DISCUSSION

Section 101 of the Bankruptcy Code defines a "claim" to include "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent,

matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5). Section 501 provides that a creditor may file a proof of claim, and § 502 provides that a claim filed under § 501 is deemed allowed unless a party in interest objects. 11 U.S.C. §§ 501(a) and 502(a). Federal Rules of Bankruptcy Procedure 3001 and 3002 provide the procedures and effect of filing such proofs of claim. Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and the amount of the claim." Fed. R. Bankr. P. 3001(f). Once a claim is filed, the burden to object shifts to the debtor, and the debtor must introduce evidence to rebut the presumptive validity of the creditor's claim. *In re Harford Sands, Inc.*, 372 F.3d 637, 640 (4th Cir. 2004); s*ee also* 11 U.S.C. § 502(b). If the debtor rebuts the presumptive validity of the creditor's claim, the creditor has the ultimate burden of proving the amount and validity of the claim by a preponderance of the evidence. *Id.*

Here, the Debtor contends that because the Confession of Judgment was not recorded prior to the Petition Date, it has no effect whatsoever. Furthermore, the Debtor observes that pursuant to N.C. Gen. Stat. § 1-A, Rule 68.1(e) "no judgment by confession shall be held to be res judicata as to any fact in any civil action except in an action on the judgment confessed." Accordingly, the Debtor argues that the Confession of Judgment is not res judicata as to the amount due BHC on its Claim.

The Debtor's argument, however, misses the point. The Debtor is attempting to argue that the Claim is based upon the Debtor's breach of the underlying *construction contract* and therefore, the Court cannot use the unrecorded Confession of Judgment as res judicata as to the amount owed under that original claim. BHC's Claim is not based on the Debtor's breach of the construction contract which led to the Litigation; rather, the Claim is based entirely on breach of

the *Settlement Agreement*.   Whether the Debtor breached the construction contract has no bearing on whether the Debtor is liable to BHC for breach of the Settlement Agreement itself. BHC is not attempting to utilize the unrecorded Confession of Judgment as res judicata as to that underlying construction contract breach. It is seeking to use the unrecorded Confession of Judgment as evidence of the liability, i.e., the right to payment, it is due because the Debtor defaulted under the Settlement Agreement.

There is no doubt that BHC's failure to record the Confession of Judgment renders it unenforceable as a judgment under North Carolina law. Rule 68.1 clearly requires that a confession of judgment be filed with the clerk of court in the county where the defendant resides or owns real property, and only after doing so may executions be issued and enforced in the same manner as other judgments. N.C. Gen. Stat. § 1-A, Rule 68.1. The remedies provision in Pararaph 8 of the Settlement Agreement parallels Rule 68.1, providing that only after the Confession of Judgment has been recorded may BHC exercise its rights as to the enforcement of the Debtor's obligations. BHC was not entitled to enforce the Confession of Judgment as a judgment under state law until and unless it was recorded, and now that the automatic stay is in place due to the bankruptcy filing, BHC remains unable to do so.

Notwithstanding BHC's inability to enforce the Confession of Judgment as a judgment pursuant to Rule 68.1, BHC is entitled to assert a general unsecured claim against the bankruptcy estate by filing a proof of claim, thereby triggering the bankruptcy claims allowance process to determine the amount of the Debtor's liability for the prepetition breach of the Settlement Agreement. The Debtor is confusing the issue of liability with one of enforcement as a judgment. The fact that the Confession of Judgment was not recorded does not affect the amount of the liability confessed therein, recordation being for the purposes of enforcement under state law and

allowing BHC to avoid the cost and time necessary to litigate breach of the Settlement Agreement itself in order to obtain a judgment.

The Settlement Agreement was conditioned upon the execution of the Confession of Judgment, the terms of which are incorporated by reference into the Settlement Agreement. In the signed and notarized Confession of Judgment, the Debtor clearly and unambiguously acknowledges that he is indebted to BHC in the amount of $20,000.00 plus interest. The release provision in Settlement Agreement specifically excludes the obligations under both the Settlement Agreement and the Confession of Judgment, and this provision does *not* include a requirement that the Confession of Judgment be recorded in order for this liability, to which the Debtor stipulated, to be excepted from this release. It is critical to emphasize in this analysis that BHC is not asserting a secured claim, but merely a general unsecured claim based upon contractual documents fully executed by the Debtor in which he acknowledges his own liability in the amount of $20,000.00 and BHC's right to payment.

Based upon the foregoing, the objection by the Debtor to the Claim of BHC is overruled and the Claim is allowed as a general unsecured claim in the amount of $22,892.72.

**END OF DOCUMENT**

SERVICE LIST

Matthew T. Currin
Debtor

John A. Meadows
Attorney for Debtor

Karen Malay
Attorney for Buck Horn

Robert E. Price, Jr.
Asst. Bankruptcy Administrator

Kathryn L. Bringle
Trustee